UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE BERNARDINO SEVERIAN, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>                                     Plaintiff,<br><br>       -against-<br><br>BRIGHTON EXPRESS FOOD MARKET d/b/a BRIGHTON FOOD EXPRESS, and DANIEL SHAPIRO, ELLIOT SHAPIRO, and JOSEPH SHAPIRO, individually,<br><br>                                 Defendants. | **Dkt. No.:**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff JOSE BERNARDINO SEVERIAN ("Severian"), on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiff," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against BRIGHTON EXPRESS FOOD MARKET d/b/a BRIGHTON FOOD EXPRESS ("Brighton"), and DANIEL SHAPIRO, ELLIOT SHAPIRO, and JOSEPH SHAPIRO, individually (collectively, "Defendants"), alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action on behalf of himself and all others similarly situated to recover damages for Defendants' systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et seq*., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL §§ 198, 652, 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten,

1

NYLL §§ 652, 198, 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL §195(3), as codified in the New York Wage Theft Prevention Act ("WTPA"); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendant Brighton is a food market that employs workers, laborers, and other personnel to work primarily at its principal place of business located at 321 Brighton Beach Ave, Brooklyn, NY 11235.

3.      Plaintiff worked for Defendants primarily within Defendants' fruits department, from approximately September 2009 until approximately May 16, 2024.

4.      Despite regularly working beyond forty hours in a week, Defendants failed and refused to pay Plaintiff any overtime compensation for any hours Plaintiff worked beyond forty each week, resulting in Plaintiff suffering unpaid overtime compensation in willful violation of both the FLSA and NYLL.

5.      Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

6.      In addition, Defendants paid Plaintiff at a rate which fell below the applicable the New York statutory minimum wage, resulting in Plaintiff suffering unpaid minimum wages for all hours worked in willful violation of the NYLL and NYCRR's minimum wage provision, 12 NYCRR § 142-2.1.

7.      Moreover, Defendants failed to pay Plaintiff an additional one (1) hour's pay at the New York minimum wage rate for each day during which Plaintiff's workday exceeded ten hours

2

from start to finish, in violation of the NYLL and NYCRR's spread-of-hours provision, 12 NYCRR § 142-2.4

8.      Furthermore, Defendants failed to furnish Plaintiff with any accurate wage statements on each payday in violation of NYLL §195(3).

9.      Plaintiff therefore brings his NYLL claims pursuant to the class action provisions of Fed. R. Civ. P. 23(b)(3) on behalf of himself and all other similarly situated workers who worked for Defendants in New York.

## JURISDICTION AND VENUE

10.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

11.      The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

12.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

13.      On March 20, 2020, then-New York Governor Andrew M. Cuomo signed Executive Order 202.8, which tolled for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued through subsequent extensions of that Order via Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, and 202.67, through November 3, 2020. In total, the Executive Orders provided for a toll of two hundred and twenty-eight (228) days.

## PARTIES

14.     At all relevant times, Plaintiff worked for Defendants in New York, and was an "employee" entitled to the protections as defined in the FLSA, NYLL, and the NYCRR.

15.     Defendant Brighton is a domestic business corporation, engaged in the business of purchasing and selling food and related products to consumers, with a principal place of business located at 321 Brighton Beach Ave, Brooklyn, NY 11235.

16.     Defendants Daniel Shapiro ("D. Shapiro"), Elliot Shapiro ("E. Shapiro"), and Joseph Shapiro ("J. Shapiro") (collectively, hereinafter referred to as the "Individual Defendants"), are owners, operators, managers, and agents of Defendant Brighton.

17.     Individual Defendants are jointly responsible for overseeing and controlling all of the daily operations of Defendant Brighton, actively participate in the day-to-day operations of Defendant Brighton, and share in the exclusive power and authority over all final personnel and payroll decisions of Defendant Brighton.

18.     Generally, Defendant E. Shapiro was responsible for overseeing and exerting direct control over Defendant Brighton's dairy department; Defendant J. Shapiro was responsible for overseeing and exerting direct control over Defendant Brighton's meat department; and Defendant D. Shapiro was responsible for overseeing and exerting direct control over Defendant Brighton's fruits department, in which Plaintiff typically worked.

19.     Individual Defendants jointly have the power and authority to directly affect the quality of work conditions and employment of Plaintiff, and all other employees of Defendant Brighton.

20.     Defendant D. Shapiro - - together with Defendants E. Shapiro and J. Shapiro - - hired Plaintiff to work at Defendant Brighton, and ultimately terminated Plaintiff's employment.

21.     Defendant D. Shapiro - - often together with Defendants E. Shapiro and J. Shapiro - - provided instructions and directions to Plaintiff and the enterprise's other employees on how and when to perform their job duties, and supervised the work that Plaintiff performed each day.

22.     Defendant D. Shapiro - - and on some occasions, Defendants E. Shapiro and J. Shapiro - - set and established Plaintiff's rate of pay, and paid Plaintiff his wages.

23.     Defendant D. Shapiro - - often times together with Defendants E. Shapiro and J. Shapiro - - set, established and determined Plaintiff's work hours and work schedule.

24.     Furthermore, Individual Defendants are jointly responsible for maintaining all employment records of Defendant Brighton, including, without limitation, any and all records relating to Plaintiff's hours worked and pay.

25.     Accordingly, at all relevant times hereto, Individual Defendants were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

26.     Moreover, at all times relevant, Defendant Brighton was and is an enterprise engaged in interstate commerce in that Defendant Brighton (i) has purchased goods, tools, and supplies such as paper goods, food, and beverages, each for its business through the streams and channels of interstate commerce from vendors / suppliers that originated out of New York state, and has had two or more employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00. This status subjects Defendant Brighton to the FLSA's overtime requirements as an enterprise.

27.     By way of one example, Defendant Brighton regularly required Plaintiff and similarly situated employees to handle, sell, or work with packaged food and other goods for its

business, all of which Defendants purchased and transported through the ordinary channels of interstate commerce.

28.    Moreover, Defendants required Plaintiff and similarly situated employees to perform work involving and related to packaged food and other consumer goods for Defendants' business, which were and are sold to in and out of state consumers alike, and which subjects Defendants to the FLSA's overtime requirements for individuals.

29.    Accordingly, Defendant Brighton was and is an employer of Plaintiff within the meaning of the FLSA, NYLL, and NYCRR.

## **FACTUAL ALLEGATIONS**

30.    Defendants own and operate a grocery store in New York City's Brighton Beach neighborhood.

31.    At all relevant times, Defendants employed more than eleven (11) employees.

32.    Defendants employed Plaintiff to perform work within Defendants' fruits department, from approximately September 2009 until on or around May 23, 2024.

33.    Plaintiff's primary job duties tasked him receiving deliveries in the morning before Defendants' store opened each day, unloading fruit, meat, dairy, and other grocery items in and out of various delivery trucks, arranging food and other items on tables and within Defendants' place of business, and performing miscellaneous duties for Defendants, including, without limitation, cleaning and inventory.

34.    Defendants required Plaintiff to work, and indeed Plaintiff did regularly work, a schedule of six (6) days per week throughout his employment with Defendants.

35.    From approximately December 2017 until approximately December 2021, Plaintiff regularly worked a schedule of shifts as follows:

- Mondays, from 8:00AM until 8:00PM;

- Wednesdays, from 8:00AM until 8:00PM;

- Thursdays, from 8:00AM until 8:00PM;

- Fridays, from 9:00AM until 8:00PM;

- Saturdays, from 9:00AM until 8:00PM; and

- Sundays, from 9:00AM until 8:00PM.

36.    From approximately January 2022 until approximately May 23, 2024, Plaintiff regularly worked a schedule of shifts as follows:

- Mondays, from 8:00AM until 8:00PM;

- Wednesdays, from 8:00AM until 8:00PM;

- Thursdays, from 8:00AM until 3:00PM;

- Fridays, from 9:00AM until 3:00PM;

- Saturdays, from 9:00AM until 8:00PM; and

- Sundays, from 9:00AM until 8:00PM.

37.    Thus, Defendants required Plaintiff to work approximately sixty-nine (69) hours or more each week from approximately July 2018 until approximately December 2021; and approximately fifty-nine (59) hours or more each week from approximately January 2022 until approximately May 23, 2024.

38.    Prior to 2023, Defendants paid Plaintiff a flat weekly lump-sum amount, without regard for the number of hours Plaintiff worked each day, or each week, in the amount of:

- $500 per week from December 2017 through December 2018;

- $515 per week from January 2019 through December 2019;

- $570 per week from January 2020 through December 2020; and

- $575 per week from January 2021 through December 2021; and

- $600 per week from January 2022 through December 2022.

39.    In or around December 2022, Defendant D. Shapiro informed Plaintiff that Defendants would be changing Plaintiff's pay to an hourly rate beginning in the 2023 calendar year.

40.    As a result, from approximately January 2023 through approximately May 23, 2024, Defendants paid Plaintiff a flat hourly rate for all hours worked, in the amount of $13.50 per hour.

41.    Although Plaintiff regularly worked approximately sixty-nine (69) hours each week from approximately July 2018 until approximately December 2021, and approximately fifty-nine (59) hours each week from approximately January 2022 until approximately May 23, 2024, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA, NYLL, and NYCRR.

42.    Moreover, Defendants paid Plaintiff for all hours worked at a rate which fell below the applicable New York minimum wage rate, which for the last several years of his employment was $15.00 per hour.

43.    Furthermore, despite regularly requiring Plaintiff to work shifts in excess of ten hours in a workday from start to finish, and despite paying Plaintiff at rates that were below the New York minimum wage rate, Defendants never provided Plaintiff with one additional hour's pay at the New York minimum wage rate pursuant to the NYLL's and NYCRR's spread-of-hours provisions.

44.     By way of example only, During the week of December 5, 2021, to December 11, 2021, Plaintiff worked Monday, from 8:00AM until 8:00PM; Wednesday, from 8:00AM until 8:00PM;  Thursday, from 8:00AM until 8:00PM; Friday, from 9:00AM until 8:00PM; Saturday, from 9:00AM until 8:00PM; and Sunday, from 9:00AM until 8:00PM, for a total of approximately sixty-nine (69) hours of work that week.

45.     Yet Defendants only paid Plaintiff for 40 hours of work for the pay period from December 5, 2021, to December 11, 2021, paying him a total $570.00 for that workweek, which amounts to $8.26 per hour.

46.     As a result, Defendants failed to pay Plaintiff at the New York minimum wage rate of $15.00 per hour, nor did Defendants pay Plaintiff overtime compensation of one and one-half times the minimum wage rate for the hours Plaintiff worked beyond forty during that week.

47.     By way of another example only, During the week of February 11, 2024, to February 17, 2024, Plaintiff worked Monday, from 8:00AM until 8:00PM; Wednesday, from 8:00AM until 8:00PM;  Thursday, from 8:00AM until 3:00PM; Friday, from 9:00AM until 3:00PM; Saturday, from 9:00AM until 8:00PM; and Sunday, from 9:00AM until 8:00PM, for a total of approximately fifty-nine (59) hours of work that week.

48.     Yet Defendants only paid Plaintiff his straight time rate for all hours for the pay period from February 11, 2024, to February 17, 2024, amounting to total wages of approximately $796.50 for that workweek, which was only $13.50 per hour.

49.     As a result, Defendants failed to pay Plaintiff at the New York minimum wage rate of $16.00 per hour, nor did Defendants pay Plaintiff overtime compensation of one and one-half times the minimum wage rate for the hours Plaintiff worked beyond forty during that week.

50.     Defendants' FLSA violations were willful, as demonstrated by Defendants willfully failing to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA, in an attempt to conceal their unlawful conduct from Plaintiff and others similarly situated.

51.     Moreover, Defendants willfully failed to keep accurate and contemporaneous payroll records as required by both NYLL and the FLSA, in furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated.

52.     Moreover, on each occasion when Defendants paid Plaintiff, Defendants paid Plaintiff in cash, while failing to provide Plaintiff with any paystub, wage statement, or other written document, let alone one that included, *inter alia*, his accurate hours worked, and regular and overtime rate of pay that pay period.

53.     Worse, Defendants refused to pay Plaintiff his wages unless he agreed to sign a document purporting to reflect his hours and rate of pay, yet those hours and rates were fraudulent in that they failed to account for all hours worked and purported to reflect Plaintiff receiving a higher rate of pay - - further indications of Defendants' willful violations of the FLSA and bad faith refusal to attempt to comply with the law.

54.     Plaintiff suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day because, lacking any real documentation from Defendants that showed his true hours and pay, Plaintiff was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

55.     If the Defendants had provided Plaintiff with paystubs accurately reflecting the actual hours he works and has worked and that he was entitled to be paid for all hours, Plaintiff

would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of his rights.

56.    Indeed, because Plaintiff was not aware that he should have received compensation at a rate of time and a half for his hours in excess of forty in a workweek, Plaintiff waited years before raising his complaints against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

## COLLECTIVE ACTION ALLEGATIONS

57.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial workers of Defendants, who during the applicable FLSA limitations period, performed work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

58.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

59.    At all relevant times, Defendants have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rate

of pay for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

60.     Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

61.     The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

62.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

63.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

64.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial workers who performed any work for any of the Defendants in New York during the statutory period within ("Rule 23 Plaintiffs").

65.     All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

66.    Moreover, Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. For instance, Plaintiff and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendants' nonpayment of any proper minimum wages or overtime wages. Specifically, Plaintiff and the Rule 23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of any proper minimum wages or overtime wages, invest said wages, accrue interest on their wages, or otherwise utilize the value that their wages would have held had they been properly paid to Plaintiffs.

### Numerosity & Ascertainability

67.    During the applicable NYLL limitations period, the Defendants have, in total, employed at least 40 other employees that are putative members of this class.

68.    The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

### Common Questions of Law and/or Fact

69.    There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff, including whether their rates of pay fell below the New York minimum wage rate; (3) whether the Defendants compensated all overtime wages due to Rule 23 Plaintiffs; (4) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (5) whether the Defendants have kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (6) whether the Defendants kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs

for each hour worked; (7) whether the Defendants has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

### **Typicality of Claims and/or Defenses**

70.     As described herein, the Defendants employ(ed) Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York; Defendants failed to pay them properly for all regular and overtime hours worked; and Defendants did not provide them with accurate wage statements on each pay day as required by applicable law. Plaintiff and the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirements to be paid at or above the minimum wage, for all overtime compensation due, and to be furnished with accurate wage notices upon hire and wage statements on each payday.

71.     Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### **Adequacy**

72.     Plaintiff, as described herein, worked the same or similar job duties as Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff at least

at the minimum wage rate, nor for all overtime hours due, nor did Defendants furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

73.    Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have also subjected to the treatment alleged herein.

74.    Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law.  J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs' counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions.  Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

<u>**Superiority**</u>

75.    A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of

Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

76.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

77.    Any lawsuit brought by a worker based in New York and employed by Defendants would be identical to a suit brought by any other such employee for the same violations.  Thus, separate litigation would risk inconsistent results.

78.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

79.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

80.    Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

81.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b) *et seq*.

83.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

84.     As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

85.     Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

86.     The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurate advise Plaintiff of his rights to be paid. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of Plaintiff nor FLSA Plaintiffs.

87.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rate of pay.

88.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

<u>**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**</u>
*<u>Unpaid Overtime under the NYLL and the NYCCRR</u>*

89.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.     N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

91.     Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

92.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

93.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their regular rate of pay.

94.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Minimum Wages in Violation of the NYLL and the NYCCRR*

95.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

96.     N.Y. Lab. Law § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

97.     As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL.

98.     As also described above, Defendants did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action, at the minimum hourly rate required by the NYLL for all hours worked.

99.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to payment of at the minimum wage for every hour worked for Defendants pursuant to the NYLL's minimum wage provisions.

100.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Spread-of-Hours Pay in Violation of the NYLL and the NYCRR*

101.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

102.    N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.5 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

103.    As described above, Defendants are "employers" within the meaning of the NYLL and NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCCRR.

104.    As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action with spread of hours pay when their workday exceeded ten hours from start to finish.

105.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to this extra hour of pay, at the minimum wage rate, for all days worked in excess of ten hours.

106.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

107.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108.    Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

109.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

110.    As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.7, *et seq*.

111.    Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their actual

regular and overtime hours worked, corresponding regular and overtime rates of pay, or a correct pay period.

112.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

## DEMAND FOR A JURY TRIAL

113.    Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

      f.      Designation of Plaintiff and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

      g.      All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      i.      Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

      j.      Awarding Plaintiff with a service award for his role as class and collective action representative and in recognition for his dedication to the Rule 23 Class and FLSA Plaintiffs and his willingness to come forward as the lead Plaintiff on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

      k.      Pre-judgment and post-judgment interest, as provided by law; and

l.      Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further

relief as this Court finds necessary and proper.

Dated: New York, New York
       September 18, 2024

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By:    _____

AVRAHAM Y. SCHER, ESQ.
110 East 59th Street, Suite 2300
New York, New York 10022
Tel.: (212) 227-5700
*Attorneys for Plaintiffs and Putative Class*
*and Collective*